# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-07-427-RAW |
| | ) |
| JOHNNY LEE POUND, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the court is the motion of the motion of the plaintiff for partial relief and to modify order. On February 2, 2010, this court granted the motion of the defendant for relief from final judgment. On April 1, 2010, the plaintiff filed its notice of appeal from that order. In the present motion, filed May 12, 2010, plaintiff asks the court to withdraw that portion of its order which held the IRS abatements of tax assessments against defendant Pound were effective and irreversible. Further, that the court reinstate the assessments in order to preserve the tax liens, subject to additional presentation of evidence in the district court.

The motion proceeds in the alternative. First, it relies upon the established procedure that "after an appeal has been taken the district court retains jurisdiction to consider and deny a Rule 60(b) motion and, if it indicates that it will grant the motion, the movant may then ask the court of appeals to remand the case so that the district court may act." *Blinder, Robinson & Co. v. SEC,* 748 F.2d 1415, 11420 (10th Cir.1984). This procedure, however, only applies to a "final order," i.e., one that may be addressed by Rule 60(b). *Cf. Adams v. City of Chicago,* 135 F.3d 1150, 1153 (7th Cir.1998). Here, there is uncertainty as to whether the

court's order was final for appellate purposes. This is an issue upon which only the Tenth Circuit may definitively pronounce. Accordingly, this court will deny the present motion as to its first ground pending such a ruling.

Alternatively, plaintiff argues that if this court considers its February 2 order to be interlocutory, the court may revisit the decision pursuant to Rule 54(b) F.R.Cv.P. Again, this court is persuaded it would be presumptuous to do so. It is inappropriate for a district court to modify an order that the appellate court may determine to be a final order. Plaintiff argues that such modification would be of a collateral matter, but this court disagrees. The central issue on appeal is whether the plaintiff is bound by the abatement granted by the IRS pending a new assessment, or whether (as plaintiff argues) the abatement was a clerical mistake which can be corrected or was of no binding effect in view of 26 U.S.C. §7122(a) and the government's "litigation freeze codes". The relief requested by plaintiff goes to the heart of that issue and this court declines to grant it at this time.

The court will, however, conclude with some *obiter dictum*. Plaintiff states that "the primary motivation for seeking this partial relief is to preserve the federal tax liens in the meantime. . . . " (Motion at 2). As far as this court is concerned, plaintiff is under no obligation to release the tax liens pending appeal. Defendant has made no such request to this court, and such release could result in severe prejudice to plaintiff if assets were dissipated. Should the Tenth Circuit agree with plaintiff's position on the merits, the parties should as a matter of equity return to the *status quo ante.* Release of the tax liens might

render that impossible.

It is the order of the court that the plaintiff's motion for partial relief (#94) is DENIED without prejudice.

**ORDERED THIS 8th DAY OF JUNE, 2010.**

**Dated this 8th Day of June 2010.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

j4h4i0